Citation Nr: 1823353 
Decision Date: 04/19/18 Archive Date: 04/26/18

DOCKET NO. 10-19 000A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a lung condition, to include the question of whether new and material evidence has been received to reopen the claim.

2. Entitlement to service connection for a left leg condition, to include the question of whether new and material evidence has been received to reopen the claim.

3. Entitlement to service connection for a duodenal ulcer, to include the question of whether new and material evidence has been received to reopen the claim.

4. Entitlement to service connection for sinus problems with coughing, to include the question of whether new and material evidence has been received to reopen the claim.

5. Entitlement to service connection for a low back disability, to include the question of whether new and material evidence has been received to reopen the claim.

6. Entitlement to service connection for a right upper leg condition.

7. Entitlement to an evaluation in excess of 10 percent for hemorrhoids, to include entitlement to a temporary total evaluation for treatment requiring convalescence.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Dean, Counsel


INTRODUCTION

The Veteran had active service from June 1969 to March 1971.

These matters come before the Board of Veterans' Appeals (Board) on appeal from November 2007 and December 2008 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. The claims file is now in the jurisdiction of the Atlanta RO.

In February 2018, a Travel Board hearing was held before the undersigned; a transcript is of record.


The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that additional development is necessary before a decision may be rendered regarding the issues on appeal.

The Veteran testified to receiving Social Security Administration (SSA) benefits; therefore, these records should be obtained on remand. Although the testimony made reference to these benefits being based on age, the Veteran also indicated that there were relevant treatment/medical records related to these benefits. As such, the issue has been raised as to whether SSA has relevant records in their possession related to benefits administered by SSA. Based on the content of these and current VA treatment records, appropriate further development should be performed on the service connection claims, to include obtaining new VA medical examinations, if necessary.

The Veteran also testified that his hemorrhoids had worsened since his most recent examination in November 2007; therefore, a new examination is warranted to determine the current severity of the service-connected disability.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should obtain from SSA copies of their medical records for the Veteran. If such records are unavailable, the reason for their unavailability must be explained for the record.

2. The AOJ should secure for association with the record updated (to the present) records of any/all VA treatment the Veteran has received for the disabilities on appeal.

3. After completing directives (1)-(2), the AOJ should arrange for a VA examination by a qualified medical professional to ascertain the current nature and severity of his service-connected hemorrhoids. All indicated studies should be performed if deemed necessary by the examiner for evaluation under the pertinent rating criteria.

The examiner should identify all symptoms and impairment associated with the Veteran's hemorrhoids, noting their frequency and severity.

Examination results should be clearly reported.

4. The AOJ should then review the obtained VA examination report to ensure that the opinions contained therein are responsive to the questions posed.

5. The AOJ should then review the record and readjudicate the claims on appeal, after performing all other necessary development, to include obtaining VA examinations for the service connection claims if warranted. If any issue remains denied, issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



_________________________________________________
Nathaniel J. Doan
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2017).